UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELOISE EBERT,

      Plaintiff,

v.                                       Case No.:  8:11-cv-409-T-24EAJ

SEARS RETAIL OUTLET STORE,

      Defendant.
_____/

**O R D E R**

This cause comes before the Court on a "Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice" filed by Defendant Sears Outlet Stores LLC ("Sears").  (Doc. No. 11.)  Plaintiff Deloise Ebert has filed a response in opposition to the motion.  (Doc. No. 13.)  For the reasons stated herein, the motion is granted, and Ebert's claims are dismissed with prejudice.

**I.    Background**

On February 2, 2011, Ebert filed her Amended Complaint in state court, alleging two causes of action against Sears: false arrest/imprisonment caused by Sears, and a violation of 42 U.S.C. Section 1981.  After removing the case to federal court, Sears moved to dismiss the Amended Complaint with prejudice.

By order dated March 18, 2011, the Court granted that motion in part, and dismissed Ebert's Amended Complaint without prejudice.  (Doc. No. 9.)  The Court granted Ebert leave to amend her Amended Complaint.  In doing so, the Court specifically identified the deficiencies in the Amended Complaint that would have to be corrected in order for Ebert to state a claim against Sears that could withstand a motion to dismiss.  In particular, the Court ruled that Ebert's

false imprisonment/arrest claim was deficient because Ebert "failed to allege that Sears detained her, requested that she be detained, or acted in such a way that would constitute 'direct procurement' of Ebert's arrest." (Doc. No. 9, p.4.) Regarding the Section 1981 claim, the Court ruled that Ebert had not alleged sufficient facts to support the claim, such as that "she was a member of a racial minority," that "Sears's actions were motivated by an intent to discriminate against her because of her race," or "that Sears's discriminatory conduct concerned the making or enforcing of a contract, or some other activity enumerated in Section 1981." (Doc. No. 9, p.5.) Accordingly, the Court directed Ebert to file a Second Amended Complaint to correct these deficiencies.

Ebert did so on March 23, 2011. (Doc. No. 10.) Ebert again asserts causes of action against Sears for false arrest/imprisonment and for a violation of 42 U.S.C. Section 1981. The critical facts alleged in the Second Amended Complaint vary only slightly from those asserted in the earlier version.

In the Second Amended Complaint, Ebert alleges the following: On August 20, 2009, Ebert visited Sears. She carried with her a Craftsman saw that she previously purchased at the store, together with her receipt for the saw, as it was her intention to return the saw for a refund. When she entered the store, she advised a clerk of the purpose of her visit, and was directed to the store manager's desk. The manager was not present at the desk at that time. Ebert left the saw on the desk, and advised the clerk that she had to return to her car for a second item that she intended on returning for a refund. She retrieved the second item (a utensil kit) from her car, and returned with it to the manager's desk.

At that time, the manager was present. He accepted the utensil kit and gave her a gift

card as a refund. However, the manager informed her that store policy would not permit him to give her a cash refund for the saw, and that he would instead obtain for her a refund in the form of a check. He gave her a receipt for the saw, recorded her mailing address, and gave her a refund memo. She left the saw with the manager, and exited the store.

Thereafter, one of Sears's employees falsely reported to the store manager that Ebert had scammed him, and that she had not brought the saw into the store with her. The store manager then falsely reported to the Pinellas County Sheriff's Office that Ebert had made a fraudulent claim for a refund.

As a result of that false report, Ebert was arrested and taken to the county jail, where she was charged with having committed fraud on August 20, 2009. Ebert was then incarcerated for four days, before she was able to arrange for her release on bond.

Several months later, the State Attorney for the Sixth Judicial Circuit of Florida entered a Nolle Prosequi, on the ground that further prosecution was not warranted. As a consequence of the false report, Ebert suffered damages, including a loss of her apartment, job, and car, as well as other damages, and she suffered great emotional distress and humiliation.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.

Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950.

**III.     Discussion**

Despite being granted leave to amend her Amended Complaint, Ebert still has failed to allege sufficient facts to support either a cause of action against Sears for false imprisonment or for a violation of 42 U.S.C. Section 1981. Therefore, her Second Amended Complaint is due to be dismissed with prejudice.

   **A.     Count One: False Arrest/Imprisonment**

Ebert alleges that Sears falsely reported to the Pinellas County Sheriff's Office that she made a fraudulent claim for a refund of a saw, and that the false report led to her arrest. Ebert further alleges that "[Sears's] action in causing the detention, arrest and imprisonment was malicious, intentional and constituted false imprisonment." In her response to the instant motion to dismiss, Ebert argues that she need only allege that Sears's conduct in reporting the incident to law enforcement was not the result of an honest good faith mistake, but rather, was malicious and intentional.

However, as the Court previously stated in its prior order, such allegations are insufficient to state a claim for false imprisonment. In *Pokorney v. First Federal Savings & Loan Association of Largo*, 382 So. 2d 678 (Fla. 1980), the Florida Supreme Court ruled, "under Florida law a private citizen may not be held liable in tort where he neither *actually detained another nor instigated the other's arrest* by law enforcement officers." *Id.* (emphasis added). The court reasoned, "[i]f the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention." *Id.*

Here, Ebert did not allege that Sears detained her, initiated her arrest, or otherwise "direct[ly] procure[d]" her arrest, for example, by requesting that she be arrested. *See id.*; *see also*, *Johnson v. Weiner*, 19 So. 2d 699 (1944) (ruling that "[t]o be liable in an action for false imprisonment, one must have personally and actively participated therein, directly or by indirect procurement"). Ebert alleges that Sears merely reported the incident to the sheriff's office, and that the false report was intentional and malicious. *Cf.; Johnson*, 19 So. 2d at 701 (ruling that the defendant's conduct in "searing out [a] warrant and then making [a] statement to the sheriff that plaintiff was the man for whom the warrant was issued, was instrumental in procuring the arrest and imprisonment of the plaintiff"). Such allegations are insufficient under Florida law to state a claim for false arrest/imprisonment. Accordingly, Ebert's false arrest/imprisonment claim must be dismissed with prejudice.

**B.     Count Two: Section 1981**

Ebert's Section 1981 claim is equally deficient. Ebert alleges that "[t]he action of the defendant in causing the detention, false arrest and false imprisonment of the plaintiff was the

5

result of discrimination on the part of the defendant, in that the plaintiff was a member of a minority race ("South Pacific Asian"), and he would not have taken that action if she had not been a member of a minority race."

Although Ebert has alleged that she is a member of a racial minority (a critical allegation that was absent from her first Amended Complaint), she still has failed to provide any facts to support her conclusory allegation that Sears's report to law enforcement and failure to complete the refund for the saw were motived by her race. As the Court previously stated in its prior order, "more than mere conclusory allegations are required" to state a claim for a violation of civil rights. *White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996). Civil rights claims are "held to a greater degree of specificity," than claims that "requir[e] simply a plain short statement of the facts." *Id.*

Here, Ebert has not alleged any facts to demonstrate that Sears's actions were motivated by an intent to discriminate against her because of her race. Her conclusory allegation that Sears would not have reported her conduct to law enforcement if she was not a member of a racial minority is not enough to withstand a motion to dismiss. In response to the motion, Ebert contends that she would need to conduct discovery "to determine whether or not the defendant was guilty of similar discriminatory policies in other cases." Ebert has not cited any controlling authority that requires the Court to permit her conduct discovery in order to gather evidence to withstand the motion to dismiss. Accordingly, Ebert's Section 1981 claim must be dismissed with prejudice.

**IV.     Conclusion**

Accordingly , it is **ORDERED AND ADJUDGED** that Sears's Motion to Dismiss (Doc. No. 5) is **GRANTED**. Ebert's Second Amended Complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record